IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WOODROW DUNN,

    Plaintiff,

v.                                                                                                          No. 19-cv-876 RB-KK

GEO GROUP, INC.,

    Defendant.

## ORDER REQUIRING AMENDMENT

This matter is before the Court on Plaintiff Woodrow Dunn's Prisoner Civil Rights Complaint. (Doc. 1-1.) Mr. Dunn was previously incarcerated at the Northeast New Mexico Detention Facility (NNMDF). His Complaint consists of two pages and alleges unidentified NNMDF officials violated his rights to freedom of religion and to "own property while in prison." (*Id.* at 1.) The Complaint originally named NNMDF and GEO Group, Inc. (GEO) as Defendants. (*Id.*) GEO removed the Complaint to Federal Court on September 20, 2019, and thereafter, Mr. Dunn voluntarily dismissed NNMDF from this proceeding. (Docs. 1; 5.)

Between September 30, 2019, and July 8, 2020, Mr. Dunn filed over 20 letter motions, notices, and supplementary pleadings. (Docs. 4–5; 7–8; 11–15; 17–28.) The supplemental filings purport to include additional facts about the alleged constitutional violations, but they are mostly illegible. On this record, the Court cannot perform its screening function under 28 U.S.C. § 1915A. That statute requires the Court to conduct a *sua sponte* review of all prisoner complaints and dismiss any claim that fails to state a cognizable claim. The filings here give no indication about how prison officials violated Mr. Dunn's First Amendment religious rights; what property they revoked; or the circumstances surrounding the property restriction. The Court will therefore order Mr. Dunn to file a single, legible amended complaint within 30 days of entry of this Order.

The amended complaint must comply with Federal Rule of Civil Procedure 8(a), which requires a short, plain statement of the grounds for relief. Mr. Dunn is advised that, aside from the amended complaint, the Court may disregard any supplemental filings submitted before the initial review process is complete. The Court will not "sort through a lengthy . . . complaint and voluminous exhibits . . . to construct plaintiff's causes of action." *McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014) (citations omitted).

Further, the amended complaint "must explain what each defendant did to [Mr. Dunn] . . .; when the defendant did it; how the defendant's action harmed him . . .; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). If "various officials have taken different actions with respect" to Mr. Dunn, a "passive-voice [statement] showing that his rights 'were violated' will not suffice." *Pahls v. Thomas*, 718 F.3d 1210, 1225–26 (10th Cir. 2013). Mr. Dunn is finally advised that to obtain relief from GEO, the entity must have "had an 'official . . . policy of some nature . . . that was the direct cause or moving force behind the constitutional violations." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003). If Mr. Dunn fails to timely file an amended complaint or files a pleading that fails to comply with the above instructions, the Court will dismiss this case with prejudice.

**IT IS ORDERED** that within 30 days of entry of this Order, Mr. Dunn shall file a single, legible amended complaint that is consistent with the above instructions; and the Clerk's Office shall **MAIL** him a blank § 1983 form.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE