IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WOODROW DUNN,

    Plaintiff,

v.                                                                               No. 19-cv-876 RB-KK

GEO GROUP, INC.,
MR. BOWAN,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Woodrow Dunn's Amended Civil Rights Complaint. (Doc. 32.) Plaintiff is incarcerated and proceeding *pro se*. He filed the Amended Complaint after the Court screened his original pleading and determined it failed to state a cognizable claim and violated Federal Rule of Civil Procedure 8(a). For the reasons below, the Court finds the Amended Complaint is similarly deficient and will dismiss the case.

    Defendant initiated this federal action on September 20, 2019, by removing Plaintiff's Tort Complaint (Doc. 1-1) to this Court. For clarity, that pleading will be referred to as the Original Complaint. The Original Complaint consists of two somewhat illegible pages. It alleges unidentified prison officials violated Plaintiff's rights to freedom of religion and to "own property while in prison." (*Id.* at 1.) The Original Complaint named GEO Group, Inc. (GEO) as the Defendant.[1] (Docs. 1; 5). Following removal, Plaintiff filed over twenty letter motions, notices, and supplementary pleadings. (Docs. 4–5; 7–8; 11–15; 17–28.) The supplemental filings purport to include additional facts about the alleged constitutional violations, but they are mostly illegible.

---

[1] The caption of the Original Complaint also included the Northwest New Mexico Detention Facility, but Plaintiff voluntarily dismissed NNMDF after this case was removed. (Docs. 1; 5.)

By a ruling entered July 22, 2020, the Court determined it could not effectively review Plaintiff's claims under 28 U.S.C. § 1915A. *See Carr v. Zwally*, 760 F. App'x 550, 554 (10th Cir. 2019) (§ 1915A provides for *sua sponte* review of inmate complaints against government officials, even if they are removed from state court). The Original Complaint gave no indication about how prison officials violated Plaintiff's First Amendment religious rights; what property they revoked; or the circumstances surrounding the property restriction. The Original Complaint also violated Rule 8(a), which requires a short, plain statement of the grounds for relief. Accordingly, the Court directed Plaintiff to file a single, legible amended complaint within 30 days of entry of this Order. The ruling included instructions on what information Plaintiff must include to survive initial review. For example, the Court counseled that Plaintiff "must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The Court cautioned that if "various officials have taken different actions with respect" to Plaintiff, a "passive-voice [statement] showing that his rights 'were violated' will not suffice." *Pahls v. Thomas*, 718 F.3d 1210, 1225–26 (10th Cir. 2013). The Clerk's Office mailed Plaintiff a blank 42 U.S.C. § 1983 form to assist with the amendment.

Plaintiff filed an Amended Complaint (Doc. 32) on August 7, 2020, but it is not materially clearer than the Original Complaint. Like the first pleading, at least half of the writing is illegible. The discernable portions appear to allege that Warden Bowen told Plaintiff "on [the] phone [that Plaintiff] did not have [a] right to own property" or the "right to religion of [his] choice." (*Id.* at 2.) The Amended Complaint does not specify what property, if any, Plaintiff hoped to obtain, aside from one allegation that Bowen "deprived [Plaintiff] of [the] right to own land." (*Id.* at 10.) Similarly, it is entirely unclear

2

how Bowen violated Plaintiff's religious rights. Plaintiff's only semi-discernable allegation states that Bowen "block[ed] [his] . . . [*illegible handwriting*] . . . to tax office so [he] could not open [a] church in the free world." (*Id.* at 2.) The Amended Complaint includes several purported witness statements, which are also partially illegible. It appears the witnesses observed Bowen tell Plaintiff "he did not have a right to [the] religion of his choice" and "could not own a church."[2] (*Id.* at 4, 8.)

The Amended Complaint fails to comply with the prior Order for two reasons. The pleading is largely illegible, and it does not include a plain statement of the grounds for relief, as required by Rule 8(a). Further, assuming Bowen stated "[Plaintiff] did not have [a] right to own property" or the "right to religion of [his] choice," the Amended Complaint does not explain how such statements, in isolation, harmed Plaintiff. (Doc. 32 at 2.) *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). At most, the allegations show Bowen declined to assist Plaintiff in purchasing land so that Plaintiff could open a church outside of prison. The First Amendment bars prison officials from "substantially burdening sincerely-held religious beliefs" by preventing participation in religious conduct such as prayer and certain meal restrictions. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *Abdulhaseeb v. Calbone*, 600 F.3d 1301 (10th Cir. 2010). However, there is no authority requiring prison wardens to facilitate the purchase of real property or the founding of a new church. And, to the extent the Amended Complaint raises claims against GEO Group, there are no allegations demonstrating GEO Group "had an 'official . . . policy of some nature . . . that was the direct cause or moving force behind the constitutional violations." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003). (*See also* Doc. 30 at 2 (setting out the pleading standard for entity-defendants).)

---

[2] It is unclear how the witnesses could observe these statements, since Plaintiff appears to allege the conversation occurred over the phone, but the Court will assume these conflicting facts are true.

3

For these reasons, the Amended Complaint is subject to dismissal under Rule 8(a) and for failure to state a cognizable claim. The Court has already granted leave to amend, consistent with Tenth Circuit law. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (*pro se* litigants should ordinarily be given leave to amend before dismissal). Plaintiff was warned that if he files a pleading that fails to comply with the instructions in the Order Requiring Amendment (Doc. 30), the Court will dismiss this case with prejudice. Because Plaintiff failed to file a legible complaint and indicate how he was harmed by the Defendants' actions, as previously directed, the Court will dismiss this case with prejudice. However, the dismissal will not count as a strike, as the case was removed and Plaintiff is not proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Woodson v. McCollum*, 875 F.3d 1304 (10th Cir. 2017) (reversing district court for applying the three-strikes rule to a removed case).

**IT IS ORDERED** that Plaintiff's Amended Civil Rights Complaint (Doc. 32) is **DISMISSED with prejudice**; and the Court will enter a separate order dismissing this civil case.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE